IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-175-JFH |
| GARY WAYNE FRASER, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Indictment, and, in the Alternative, Motion to Produce Grand Jury Transcript ("Motion") filed by Defendant Gary Wayne Fraser ("Defendant") pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). Dkt. No. 29. The United States of America ("Government") filed a response in opposition. Dkt. No. 32. Defendant filed a reply brief after seeking leave from the Court. Dkt. No. 36. For the following reasons, Defendant's Motion [Dkt. No. 29] is GRANTED and the indictment [Dkt. No. 2] is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND[1]

On October 12, 2023, Defendant was charged by indictment with one count of Murder in Indian Country – Second Degree, in violation of 18 U.S.C. §§ 1111(a), 1151, and 1153. Dkt. No. 2. Specifically, the indictment alleges:

> On or about January 15, 2023, within the Eastern District of Oklahoma, in Indian Country, the defendant, Gary Wayne Fraser, an Indian, with malice aforethought, did unlawfully kill I.A. in

---

[1] "An indictment should be tested solely on the basis of the allegations made on its face, and . . . . [c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Therefore, for the purposes of this Motion, the Court considers only the allegations contained in the indictment.

>violation of Title 18, United States Code, Sections 1111(a), 1151, and 1153.

*Id*. This case is set on the Court's March 4, 2024 jury trial docket. Dkt. No. 24.

On January 18, 2024, three months after the filing of the indictment, Defendant filed the instant motion arguing that the indictment is insufficient. Dkt. No. 29.[2] Specifically, Defendant argues that the indictment is insufficient because "it does not address how the government alleges [Defendant] acted with 'malice aforethought.'" *Id*. at 3. The Government disagrees, arguing that the indictment is sufficient because it accurately sets forth the three elements of second degree murder that the Government must prove at trial. Dkt. No. 32 at 2. While setting forth the elements of the charged crime is usually sufficient, the Court agrees with Defendant that more is required here.

## ARGUMENT AND AUTHORITIES

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (emphasis added).

The Court finds that the indictment is sufficient to enable Defendant to assert a double jeopardy defense. The indictment provides a specific date and the initials of the individual

---

[2] The Court notes that while Defendant filed his motion to dismiss within the time prescribed by Fed. R. Crim. P. 12(b)(3)(B) and the Court's scheduling order [Dkt. No. 24], the Court suggests the more prudent practice is to file motions to dismiss based on insufficiency of the indictment earlier in the case, as discovery and case investigation are not necessary for such a motion.

Defendant is alleged to have killed. *See* Dkt. No. 2. Additionally, "the entire record, not just the indictment, may be referred to in order to protect against double jeopardy if a subsequent prosecution should occur." *United States v. Washington*, 653 F.3d 1251, 1261 (10th Cir. 2011) (quoting *United States v. Boston*, 718 F.2d 1511, 1515 (10th Cir. 1983)). The Court is satisfied that the indictment, both by itself and supported by the record in this case, is sufficient to bar future prosecutions for the same offense.

The Court also finds that the indictment sets forth the words of the statute. Defendant has been charged with second degree murder in Indian country pursuant to 18 U.S.C. §§ 1111(a), 1151, and 1153. Dkt. No. 2. The first paragraph of § 1111(a) defines first degree murder. 18 U.S.C. § 1111(a). The second paragraph states that "[a]ny other murder is murder in the second degree." *Id*. "Replacing the word 'murder' with its definition, found in the first sentence of 1111(a), results in the reconstituted statutory expression of second degree murder as 'any other unlawful killing of a human being with malice aforethought.'" *United States v. Pearson*, 203 F.3d 1243, 1271 (10th Cir. 2000) (citing 18 U.S.C. § 1111). Therefore, to convict Defendant of second degree murder here, the Government must prove: (1) the Defendant caused the death of the victim named in the indictment; (2) the Defendant killed the victim with malice aforethought; and (3) the killing took place within the territorial jurisdiction of the United States. *See* Tenth Circuit Pattern Jury Instructions Criminal 2.53. The indictment plainly sets forth the elements of the statute, alleging that Defendant unlawfully killed I.A. with malice aforethought in Indian country. Dkt. No. 2.

As mentioned above, an indictment that sets forth the words of the statute is usually sufficient. However, it is not sufficient if the statute itself does not adequately state the elements of the offense or if the words of the statute do not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to

3

be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citations and quotations omitted); *see also Dashney*, 117 F.3d at 1205. In other words, merely reciting the elements of the statute is not sufficient where the elements fail to put Defendant on fair notice of the charges he faces. *Id*.

Simply alleging the words of the statute here is not sufficient because in order to satisfy the malice aforethought element, the Government must also prove that Defendant either intended to kill without premeditation and deliberation, intended to do serious bodily injury, acted with a depraved heart, or killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111. *Pearson*, 203 F.3d at 1271; *see also* Tenth Circuit Pattern Jury Instructions Criminal 2.53, comment. Therefore, alleging "malice aforethought," by itself, does not fully set forth all the elements necessary to constitute the offense with which Defendant has been charged. That is, without indicating which of the four ways the Government intends to prove Defendant acted with malice aforethought, the indictment fails to put Defendant on fair notice of the charges he faces. "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (10th Cir. 2015). Defendant's guilt here depends crucially on whether the Government can prove that he acted with malice aforethought—*i.e.*, whether he intended to kill without premeditation and deliberation, intended to do serious bodily injury, acted with a depraved heart, or killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111. As the Government must prove that the killing happened in at least one of these four ways, the Court finds that the indictment must do more than simply repeat

the language of the statute. Accordingly, the Court finds that the indictment is insufficient and must be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii).[3]

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Indictment, and in the Alternative, Motion to Produce Grand Jury Transcript [Dkt. No. 29] is GRANTED and the indictment [Dkt. No. 2] is hereby DISMISSED WITHOUT PREJUDICE.

DATED this 9th day of February 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[3] As the Court has determined that dismissal is warranted, it need not consider Defendant's request in the alternative for grand jury transcripts.